Matter of K.B. (2005 NY Slip Op 52083(U))

[*1]

Matter of K.B.

2005 NY Slip Op 52083(U) [10 Misc 3d 1063(A)]

Decided on December 15, 2005

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 15, 2005

Family Court, Nassau County
In the Matter of K.B., A Person Alleged to be a Juvenile Delinquent, Respondent.
xxx

JOANNE T. CURRAN, DEPUTY COUNTY ATTORNEY
Attorney for the Presentment Agency
FRANK A. DODDATO, ESQ.
Attorney for Respondent

Richard S. Lawrence, J.
Respondent moves this Court pursuant to Family Court Act §375.2, to seal the records with respect to the captioned matter. On March 2, 2005, Respondent admitted to an act which, if done by an adult, would constitute the crime of Criminal Mischief in the Fourth Degree, a Class A misdemeanor, in violation of Penal Law §145.00(1). On May 5, 2005, and on consent, Respondent was placed on probation for a period of two years. Respondent, having been born on xx/xx/1989, is now 16 years of age.
Respondent moves this Court to seal the records upon the grounds that she "has not breached any of the conditions of pro-
bation previously imposed upon her," and that "it would be in Respondent's best interest to have all appropriate records" sealed.
The Presentment Agency opposes Respondent's motion, alleging that the application is "untimely," as Respondent was placed on probation which is due to expire May 5, 2007. However, a review of
Family Court Act §375.2 indicates that the Presentment Agency is incorrect in this argument. §375.2(6) states: "Such a motion cannot be filed until the Respondent's sixteenth birthday." In addition, the Court finds that all of the other criteria set forth in §375.2, have been met by the Respondent, in order to properly bring this application before the Court.
The question then remains whether the Court, in its discretion, should grant Respondent's motion. The Court notes that case law with respect to this section is virtually non-[*2]existent. The Court has thoroughly reviewed the docket in this matter and in particular, the probation report dated April 18, 2005, and Respondent's submission dated May 4, 2005, containing pertinent information and documentation.
The Court notes, on page 4 of the probation report, that the Respondent, as of the date of the report, was on home tutoring
after a decision rendered at a Superintendent's hearing. The reasons for this, according to the probation report, were insubor-
dination on a number of occasions, as well as a threat to the Vice Principal. Respondent had been previously suspended and also
served detention on a number of occasions, for her insubordination, which was continued use of her cell phone, in violation of the school rules and despite having been warned, apparently on numerous occasions, to cease that activity.
The Court is aware, from the information submitted both in the probation report and by Respondent, that she apparently is now focused upon her school activities, and has brought up her grades in most classes to a passing level, as of the third marking period which ended April 8, 2005.
The Court notes that no further information has been submitted by either party, in order to advise this Court as to whether Respondent is still on home tutoring or has been accepted back into her home school, together with her current activities and grades.
The Court is troubled by the fact that, even after the Respondent's acts which constitute Criminal Mischief in the Fourth Degree, she continued to be subject to suspensions at school, and,
after a Superintendent's hearing, it was decided that her schooling should consist of home tutoring. The Court is also concerned that at least part of the reason for this Superintendent's decision was that the Respondent made a threat against the Vice Principal of the school.
Even though Respondent is apparently doing well on probation, there is always the possibility of a violation being filed against her. If that were to result in a finding, the [*3]Court would need to know the details of Respondent's original acts and the information contained in the probation report of April 18, 2005 and of Respondent's submission of May 4, 2005. Were the Court to seal the records, none of this information would be available to the Court, in order to fashion an appropriate disposition.
In the circumstances, this Court denies Respondent's instant application. However, in accordance with Family Court Act §375.2(4) this Court will allow this same motion to be renewed prior to one year's time, in the event Respondent is granted an early discharge from probation.
This constitutes the Decision and Order of this Court.
Dated: Westbury, New York
 December 15, 2005

TO: